JACOB FREZINSKI, IMPLEADED, ETC.,

v.

DAVID L. NEWBORG ET AL.

*Evidence—Conclusions of Witness, Improper.*

In the case presented, this court holds, a witness for the plaintiff having been permitted, against the objections of defendant, to state his conclusions upon a material point, based upon what he had learned by investigation, that the admission thereof was improper.

[Opinion filed January 14, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

In this action it appeared that appellees, merchants in New York City, upon the strength of a written statement to R. G. Dun & Co., made by Abraham Frezinski, concerning the financial condition of what he in such statement called the firm of A. Frezinski, doing business at the town of Iron Mountain, in the State of Michigan, sold to said firm of A. Frezinski a bill of goods on thirty days' credit. Prior

to the time for payment of this bill the firm (?) of A. Frezinski failed, and their goods were secretly sent to various parts of the country, some of them going to Chicago, where appellant, the father of Abraham Frezinski lived. Appellees brought suit against Abraham and Jacob Frezinski, alleging a fraudulent conspiracy on their part to obtain credit, also a fraudulent carrying away and secreting of the goods by them. The jury returned a verdict for the plaintiffs, specially finding that Jacob Frezinski was not a partner of Abraham Frezinski.

Messrs. Hofheimer & Zeisler, for appellant.

Mr. Israel Cowen, for appellees.

Waterman, P. J.  Upon the trial a witness for the plaintiffs was permitted, despite the objections of the defendant, to give a great deal of hearsay testimony, and also to narrate his conclusions as to what had taken place. He was permitted to testify that he found on investigation that the goods were shipped to Jacob Frezinski in trunks; that he found where Jacob Frezinski had taken the goods by teams and had them in a house in Chicago under different names. There was no pretense that he saw any of these things or had any knowledge other than what had been told him, from which he had formed conclusions.

Such testimony ought not to have been received; it was most prejudicial to Jacob Frezinski, who was alone making a defense, and doubtless greatly influenced the jury. One of the plaintiffs was permitted to give his mere conclusions as reasons why he knew that the statement made to R. G. Dun & Co. was false. Experts are alone allowed to testify as to their conclusions. The instructions given for the plaintiffs are not free from fault but would alone hardly have misled the jury.

For the improper admission of testimony given by the witness Ettlesohn, the judgment is reversed and the cause remanded.

*Reversed and remanded.*